JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FE G. ABAÑO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION, et. al.,<br><br>Defendants. | Case No. 2:10-cv-03174-JHN-SSx<br><br>**ORDER GRANTING MOTION TO DISMISS TILA CAUSE OF ACTION AND REMANDING CASE TO THE LOS ANGELES SUPERIOR COURT**<br><br>Judge: Honorable Jacqueline H. Nguyen |

This matter is before the Court on Defendant Bank of America's ("BOA") Motion to Dismiss. (Docket no. 10.) The Court has considered the briefs filed in this matter and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing scheduled for August 9, 2010 is removed from the Court's calendar. For the reasons stated herein, the Court GRANTS the Motion to Dismiss the TILA cause of action and REMANDS the remaining causes of action to the Los Angeles Superior Court.

///

# I.
# BACKGROUND

This lawsuit was removed to this Court on April 28, 2010 (docket no. 1) and Plaintiff filed the First Amended Complaint ("FAC") on June 25, 2010 (docket no. 8). The FAC alleges the following causes of action against Defendants BOA and Secured Bankers Mortgage Company ("SBMC") : 1) Quiet Title; 2) Truth in Lending Act ("TILA") 15 U.S.C. § 1601 et seq; 3) California Rosenthal Act; 4) Negligence; 5) Fraud; 6) breach of an implied covenant of good faith and fair dealing; 7) Elder Abuse; 8) Breach of Contract. BOA filed its Motion to Dismiss on July 8, 2010.[1] (Docket no. 10.) Plaintiff filed an Opposition on July 19, 2010 (docket no. 11–12). BOA filed a Reply on July 26, 2010. (Docket no. 17.)

# II.
# LEGAL STANDARD

Rule 12(b)(6) permits a defendant to seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the Court generally cannot consider material outside the complaint, such as facts presented in briefs, affidavits, or discovery materials, unless such material is alleged in the complaint or judicially noticed. *McCalip v. De Legarret*, No. CV-08-2008, U.S. Dist. LEXIS 87870, at *4 (C.D. Cal. Aug. 18, 2008); *see Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). The Court must accept as true all material factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d

---

[1] BOA also filed a Request for Judicial Notice (docket no. 10-2), which the Court need not rule on because it does not rely on any of the attached documents in ruling on this Motion.

2

1226, 1229 (9th Cir. 2004). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . ." *Id.* The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 1950.

Part of the Court's determination as to whether a claim plausibly states a claim for relief involves an analysis of a pleading's factual specificity. Asserting more than mere conclusory statements, a complaint must provide a factual basis showing that a plaintiff is entitled to relief and to give the defendant fair notice of claims and relief asserted. *Id.* at 1950–51; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); Fed. R. Civ. P. 8(a)(2). Although a lengthy factual background is unnecessary, dismissal of a complaint is warranted where the plaintiff fails to allege specific facts needed to support the plausibility of a claim or provide fair notice to the opposing party. *See id.*

## III.
## DISCUSSION

**A. Plaintiff's TILA cause of action is time-barred**

Plaintiff alleges that on or about December 30, 2005, Defendant Secured Bankers Mortgage Company ("SBMC") gave Plaintiff a loan program called Option Arm Loan or Negative Amortization Loan ("the loan"). (FAC ¶ 18.) Plaintiff, in an out-of-sequence allegation, also alleges that the loan was completed on December 21, 2005. (FAC ¶ 19.) Plaintiff alleges that Defendants violated TILA by failing to provide required disclosures prior to the consummation of the transaction and failed to disclose accurate finance charge details and annual percentage rate. (FAC ¶ 53.) Plaintiff seeks both damages and rescission as remedies under TILA.

1    To recover damages arising from alleged TILA violations, a plaintiff must
2 file an action to recover damages "within one year from the date of the occurrence
3 of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period in Section
4 1640(e) runs from the date of consummation of the transaction but that the
5 doctrine of equitable tolling may, in the appropriate circumstances, suspend the
6 limitations period until the borrower discovers or had reasonable opportunity to
7 discover the fraud or nondisclosures that form the basis of the TILA action."
8 *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). Furthermore, an
9 obligor's right of rescission shall expire three years after the date of
10 consummation of the transaction. *Id.* at § 1635(f).

11   Plaintiff filed this action on April of 2010, well beyond the one-year or
12 three-year TILA statute of limitations, and puts forth no facts that would prompt
13 equitable tolling. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1177 (9th Cir.
14 2000) (establishing entitlement to tolling on the basis of a defendant's alleged
15 fraudulent concealment, a plaintiff must show "active conduct by a defendant,
16 above and beyond the wrongdoing upon which the plaintiff's claim is filed, [that]
17 prevent[ed] the plaintiff from suing in time"). Plaintiff only offers the insufficient
18 and conclusory statement that equitable tolling should apply because Defendant
19 SBMC "fraudulently concealed its violation by providing false information[.]"
20 (Opp'n at 7.)

21   Because Plaintiff's TILA cause of action is time-barred, it is hereby
22 DISMISSED.

23 **B. Supplemental Jurisdiction**

24   Plaintiff's remaining causes of actions are all for alleged violations of state
25 law. A district court may decline to exercise supplemental jurisdiction where "the
26 district court has dismissed all claims over which it has original jurisdiction." *See*
27 28 U.S.C. § 1367(c)(3). The Supreme Court has pointed out that "in the usual
28

case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also, Aranda v. Meyers*, NO. 08-17600, 2010 WL 763952, at *1 (9th. Cir. Mar 08, 2010) (Table) ("The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over any state-law claims after properly dismissing the federal claims"); *Williby v. Woodford*, NO. 08-17449, 2009 WL 4884316, at *1 (9th Cir. Dec 14, 2009) (Table) (same); *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002) (same).  Furthermore, the "primary responsibility for developing and applying state law rests with the state courts." *Keen v. Am. Home Mortgage Servicing, Inc.*, No. S-09-1026 FCD/KJM, 2010 WL 624306, at *1 (E.D. Cal. Feb. 18, 2010).  For these reasons, the Court hereby REMANDS the remaining state law causes of action to the Los Angeles Superior Court.

## IV.
## CONCLUSION

The Motion to Dismiss is hereby GRANTED with regard to the TILA cause of action.  The remaining causes of action are hereby REMANDED to the Los Angeles Superior Court.

**IT IS SO ORDERED**.

Dated: July 26, 2010

_____
Honorable Jacqueline H. Nguyen
UNITED STATES DISTRICT COURT